UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

R0BERT LEON BEANE, JR.,

        Plaintiff,

v.

CORIZON HEALTH, INC. et al.,

        Defendants.
_____/

Case No. 1:19-cv-1084

Honorable Janet T. Neff

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.**  **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) in Ionia County. The events about which he complains, however, occurred at the Oaks Correctional Facility (ECF) in Manistee County, and

the Lakeland Correctional Facility (LCF) in Branch County. Plaintiff sues Corizon Health, Inc.; Corizon Doctors Robert Crompton, Victor L. Dominguez-Bem, Troy M. Davis, Oliver Johnston, and Keith Papendick; and Corizon Physician Assistant Kyle L. Sperling.

Plaintiff alleges that starting around November 2010 he suffered from symptoms including extreme hip and lower back pain as well as numbness in his lower extremities first at ECF and later at LCF. To address these symptoms, he began in early 2011 what became a six-year pursuit self-advocating for a diagnosis and appropriate treatment. Finally, in January 2017, Plaintiff was diagnosed with several conditions including lumbar stenosis, degenerative disc disease, spondylosis, and acquired spondylolisthesis. Plaintiff alleges that the diagnosis was unnecessarily delayed, and that the delay in proper diagnosis—and the pain and suffering he endured—resulted from Defendants' deliberate indifference to his serious medical needs. In support of his claim, Plaintiff contends that Defendants failed to order and conduct timely examinations; failed to timely and appropriately record and evaluate Plaintiff's medical history; and failed to provide or make medically necessary referrals for appropriate medical care.

In early 2011, while housed at ECF, Plaintiff began seeking medical care for severe lower back pain. He was provided nonsteroidal anti-inflammatory drugs (NSAIDs) and advised to modify his activity. On April 4, 2011, Plaintiff collapsed twice due to numbness and weakness in his lower extremities. When Defendant Crompton examined him the next day, Plaintiff requested an MRI "because something was seriously wrong, especially with the numbness." (Compl., ECF No. 1, PageID.8.) Defendant Crompton responded that "[t]hey," meaning Corizon, "are not going to pay for that." (*Id.*)

Over the subsequent six years, Plaintiff's condition deteriorated. His pain and numbness grew more constantly present. In 2012, his left calf muscle began atrophying. He developed both urinary and fecal incontinence. The NSAIDs and other medications provided to Plaintiff did little to improve his condition or to enable him to engage in his previous activities.

Plaintiff advocated for himself—frequently kiting to request further medical help and filing grievances that his care was inadequate and amounted to cruel and unusual punishment. Plaintiff further alleges that, despite having reported numbness of his lower extremities at his health care visits, medical staff frequently omitted the symptom from his health record. Two years after his symptoms presented, medical staff approved an X-ray in late 2012. In June 2014, after nearly two more years passed and Plaintiff's daily symptoms escalated, a member of the medical staff recommended Plaintiff for an MRI. The recommendation was denied. Medical staff continued more conservative treatment and diagnostic options. After two more years of self-advocacy—and nearly six years after symptoms first presented—medical staff approved an MRI in October 2016. Plaintiff underwent an MRI on January 4, 2017. Based on those results, Plaintiff received surgery on June 28, 2017, to ameliorate his symptoms.

Plaintiff seeks compensatory and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Statute of Limitations

Plaintiff allegations relate to conduct occurring between 2011 and mid-2016. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims arising starting in 2011 and continuing until, at latest, October 2016. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued in October 2016 at the latest. However, he did not file his complaint until December 19, 2019, well past Michigan's three-year limit. The only conduct Plaintiff identifies in the three years prior to his filing this action is the conduct which he desired: he received an MRI in January 2017 and underwent surgery to treat his condition in June 2017. Therefore, these were not "harms" that accrued a claim for relief.

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

"If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim) (citing *Jones*, 549 U.S. at 215); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (when a complaint on its face is barred by the statute of limitations, it fails to state a claim).

Accordingly, Plaintiff's claim must be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   January 31, 2020                         /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge